# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48470-6-II |
| Respondent, | |
| v. | |
| DAVID DEVON JACKSON, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — David Jackson appeals from his second degree rape conviction, asserting that his defense counsel was ineffective for (1) failing to consult with an independent expert witness before trial and (2) failing to object to hearsay testimony. We affirm.

## FACTS

A.O.[1] was sixteen years old when her boyfriend coerced her to engage in prostitution. On August 20, 2014, when A.O. was eighteen years old, she was approached by a man sitting in his car at a Tacoma gas station. A.O. recognized the man, who was later identified as Jackson, from a social media website she used to find prostitute customers. A.O. entered Jackson's car, and Jackson drove south on Interstate 5.

---

[1] We use the victim's initials to protect her interest in privacy.

According to A.O., Jackson became dominant and controlling during the drive.  A.O. told Jackson she wanted to get out of the car but he refused, stating that "he owned [her]."  Report of Proceedings at 41.  Jackson took her cell phone from her.  Jackson gave her pills and sexually assaulted her multiple times during the drive before letting her out of the car in Vancouver, Washington.

A.O. went to a nearby gas station where an employee called 911 for her.  A.O. was transported to a hospital.  While at the hospital, A.O. was examined by Jillian Zeisler, a sexual assault examination nurse.  Zeisler collected blood, urine, and potential DNA (deoxyribonucleic acid) samples from A.O.  A.O. detailed the sexual assault allegations to Zeisler.  Based on A.O.'s allegations, the State charged Jackson with three counts of first degree rape and one count of first degree kidnapping with sexual motivation.

Before trial, the State filed a motion in limine to admit statements A.O. had made to Zeisler under ER 803(a)(4), the medical diagnosis or treatment exception to the hearsay rule.  Defense counsel requested a hearing to determine the admissibility of A.O.'s statements to Zeisler.  After argument on the motion, the trial court ruled that some of A.O.'s statements were admissible under ER 803(a)(4).[2]

At trial, Zeisler testified about some of the statements A.O. had made to her during the sexual assault examination.  Zeisler stated that A.O. complained of pain on the right side of her head due to being hit against a window and being scratched by Jackson's nails; Zeisler noted that

---

[2] As discussed below, Jackson did not designate the December 2 pretrial hearing for the record on appeal.  The facts are gleaned from court clerk minutes.

she saw three separate abrasions around A.O.'s chin and neck area. Zeisler also noted that A.O.'s genitalia appeared raw and excoriated. Zeisler testified that A.O. had stated her vagina was too sore to allow Zeisler to examine her with a speculum. Zeisler further noted that A.O. was experiencing anal spasms. Zeisler concluded that A.O.'s injuries were consistent with her account of what had happened to her. But on cross-examination, Zeisler clarified that she could not determine whether A.O. had internal injuries to her vagina consistent with her allegations due to A.O.'s decision to decline being examined with a speculum.

David Stritzke, a forensic scientist at the Washington State Patrol Crime Laboratory, testified that semen found on A.O.'s jacket matched Jackson's DNA. The trial court granted the State's request for second degree rape jury instructions as lesser-included charges to the three counts of first degree rape. The jury returned verdicts finding Jackson not guilty of three counts of first degree rape and not guilty of first degree kidnapping with sexual motivation, but guilty of one count of second degree rape.[3] Jackson appeals.

## ANALYSIS

Jackson contends that his defense counsel rendered constitutionally ineffective assistance for failing to consult with an independent expert witness before trial and for failing to object to testimony he contends was inadmissible hearsay. We disagree.

---

[3] The jury returned a verdict finding Jackson not guilty of one count of second degree rape, and it left the verdict form blank for another count of second degree rape.

I. STANDARD OF REVIEW

We review ineffective assistance of counsel claims de novo. *State v. Thach*, 126 Wn. App. 297, 319, 106 P.3d 782 (2005). To demonstrate ineffective assistance of counsel, Jackson must show both that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness based on all the circumstances and (2) the deficient performance resulted in prejudice in that there was reasonable possibility that the outcome of his trial would have differed but for counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). If Jackson fails to demonstrate either showing, we need not inquire further. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

We strongly presume that counsel is effective. *Reichenbach*, 153 Wn.2d at 130. To overcome this presumption, the defendant bears the burden of "establishing the absence of any *'conceivable* legitimate tactic explaining counsel's performance.'" *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011) (emphasis added) (quoting *Reichenbach*, 153 Wn.2d at 130). If the defendant's claim rests on evidence or facts not in the existing trial record, filing a personal restraint petition is the defendant's appropriate course of action. *Grier*, 171 Wn.2d at 29; *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

II. CONSULTATION WITH INDEPENDENT MEDICAL EXPERT

Jackson first contends that defense counsel was ineffective for failing to consult with an independent medical expert before trial, arguing that this failure prejudiced his case because, absent such consultation, his counsel could not effectively cross-examine Zeisler. On the record

before us, Jackson cannot demonstrate that his counsel was constitutionally ineffective on this basis.

Fatal to Jackson's first claim of ineffective assistance of counsel is the absence of any evidence in the record that defense counsel failed to consult with an independent expert witness before trial. That defense counsel did not name an independent medical expert on the defense witness lists does not show that counsel failed to consult with one before trial. It is conceivable that defense counsel consulted with such a potential expert witness but decided not to call the witness to testify at trial because the witness would not provide any evidence favorable to the defense.

Moreover, even if the record definitively showed that defense counsel had failed to consult with an independent medical expert before trial, Jackson cannot demonstrate any prejudice flowing from that failure. There is nothing in the record to support Jackson's claim that consultation with an independent medical expert would have provided information beneficial to defense counsel's cross-examination of Ziegler. In this regard, Jackson's reliance on *In re Pers. Restraint of Brett*, 142 Wn.2d 868, 16 P.3d 601 (2001), is unavailing. There, our Supreme Court held that defense counsel was ineffective for failing to adequately investigate the defendant's mental and physical impairments and for failing to present competent expert testimony regarding the same. *In re Brett*, 142 Wn.2d at 880. But *In re Brett* is clearly distinguishable from the present case because our Supreme Court's holding in *In re Brett* relied on the postconviction reference hearing testimony of several medical professionals. 142 Wn.2d at 874-80.

Because Jackson's assertions that (1) his defense counsel failed to consult with an independent medical expert and that (2) such consultation would have assisted cross-examination so as to create a reasonable likelihood of affecting the jury's verdict are speculative and without any support in the record, he fails to demonstrate ineffective assistance on this ground.

### III. HEARSAY

Next, Jackson contends that his defense counsel was ineffective for failing to object to testimony that he asserts was inadmissible hearsay.[4]  Specifically, Jackson argues that his defense counsel was ineffective for failing to object to Zeisler's testimony regarding certain statements A.O. had made during the sexual assault examination.  Again, we disagree.

"Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c).  Hearsay is not admissible "except as provided by [evidentiary] rules, by other court rules, or by statute." ER 802.  Statements made for medical diagnosis and treatment are admissible as exceptions to the hearsay rule under ER 803(a)(4).[5]  "A party demonstrates a statement to be reasonably pertinent [to diagnosis or treatment] when (1) the declarant's motive in making the statement is to promote treatment and (2) the medical professional reasonably

---

[4] Jackson does not assign error to his defense counsel's alleged failure to object to hearsay testimony.  However, it is clear from the context of his argument that he is raising the issue.

[5] Specifically, ER 803(a)(4) provides a hearsay exception for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

relied on the statement for purposes of treatment." *State v. Williams*, 137 Wn. App. 736, 746, 154 P.3d 322 (2007).

Although Jackson claims that his defense counsel was ineffective for failing to object to Zeisler's hearsay testimony, the record shows that defense counsel had requested a pretrial hearing to address the State's motion in limine to admit such testimony under ER 803(a)(4). Minutes from the pretrial hearing show that Zeisler testified regarding A.O's statements, counsel for the defense and the State argued about the admissibility of those statements, and the trial court ruled in favor of admissibility.

Jackson, however, did not designate a transcription of this pretrial hearing for the record on appeal. *See State v. Tracy*, 158 Wn.2d 683, 691, 147 P.3d 559 (2006) (Appellant has the burden of providing adequate record for review.). We therefore cannot determine on the record before us whether the hearsay statements now challenged on appeal were addressed during the trial court's ruling on the State's motion in limine and, if so, the trial court's reasons for admitting or excluding such statements. Accordingly, we cannot determine whether defense counsel performed deficiently for failing to challenge the admissibility of such statements at trial. Because Jackson's claim rests on evidence not in the record on appeal, his appropriate course of action would be to file a personal restraint petition. *Grier*, 171 Wn.2d at 29; *McFarland*, 127 Wn.2d at 335.

Because Jackson fails to meet his burden of producing a record sufficient to review whether his defense counsel was ineffective for failing to object to certain hearsay testimony, he

No. 48470-6-II

cannot demonstrate ineffective assistance on this basis. Accordingly, we affirm Jackson's conviction for second degree rape.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Johanson, J.

_____
Sutton, J.